IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA,
WESTERN DIVISION


IN RE:

RICKY LYNN HUDSON, and                    BK 04-71951-CMS-13
SANDY M. HUDSON,

     DEBTORS.


### MEMORANDUM OF DECISION

This matter was before the court on creditor Mitsubishi Motor Credit of America's motion to allow its late claim to be paid through Ricky Lynn Hudson and Sandy M. Hudson's Chapter 13 plan. The court **DENIED** MCCA's claim in an order (Doc. 48) entered May 18, 2005. The following memorandum memorializes the court's rationale for the order.

### FINDINGS OF FACT

Debtors Ricky Lynn Hudson and Sandy M. Hudson (Hudsons) filed a petition for relief under Chapter 13 of the Bankruptcy Code on June 30, 2004. (Doc. 1) The Hudsons listed creditor Mitsubishi Motor Credit of America (MMCA) in the schedules filed with their petition. The schedules listed MMCA's collateral as a 2002 Mitsubishi Diamante. The Hudsons schedules listed MMCA's debt at $25,409.90 secured by a car they hoped to value at only $12,000.00 for purposes of their Chapter 13 plan. On July 2, 2004, notice was sent to all scheduled creditors that the Hudsons' Section 341 meeting of creditors would be held August 13, 2004, and that the claims bar date would be November 11, 2004. (Docs. 6 and 11)**.**

MMCA was also sent notice of the Hudsons' motion to value its collateral (Doc. 8) and of the hearing on the motion set on August 24, 2004 (Doc. 9). MMCA did not appear at the hearing, nor respond to the motion in any way. On September 7, 2004, the court entered an order setting the replacement value of the vehicle at $12,000.00. (Doc. 24) The court entered an order confirming the debtors' Chapter 13 plan on October 20, 2004. (Doc. 29) On October 22, 2004, MMCA was sent a copy of the confirmation order. (Doc. 30) The plan, as confirmed, provided for payments of $250.00 a month to MMCA for the $12,000.00 value of its secured claim, plus 6 per cent interest, upon the creditor's filing a properly perfected proof of claim. Unsecured creditors received no payments under the plan.

MMCA failed to file a proof of claim by the November 11, 2004 bar date. (Doc. 40).

On January 13, 2005, MMCA filed a notice of appearance and request for notice in the Hudsons' Chapter 13 case. (Doc. 40) Subsequently, MMCA filed a **MOTION TO ALLOW LATE CLAIM** (Doc. 41) requesting that its claim be "deemed as properly filed and to be paid by and through the Chapter 13 Case." On April 22, 2005, MMCA filed a letter brief arguing that the debtors' own pre-bar-date treatment of Mitsubishi constituted an "informal proof of claim" allowing the court to allow a late-filed claim. (Doc. 46)

At the May 10, 2005 hearing on the motion, MMCA stipulated there were no disputes as to the record facts – that MMCA was scheduled and did receive notice. Neither MMCA nor the debtors offered any evidence at the hearing. The court stated its intention to **DENY** the motion from the bench, and entered its written order doing so (Doc. 48) on May 18, 2005.

## CONCLUSIONS OF LAW

This court has jurisdiction of Ricky Lynn and Sandy M. Hudson's Chapter 13 case pursuant

2

to 28 U.S.C. § 1334(a). The court has jurisdiction of this contested matter, a core bankruptcy proceeding arising under 11 U.S.C. § 502 as listed at 28 U.S.C. § 157(b)(2)(B), pursuant to 28 U.S.C. § 1334(b).

Under 11 U.S.C. § 502(a), claims filed in a bankruptcy case are "deemed allowed" unless a successful objection is made. Section 502(b) requires a court to determine the amounts of contested claims and allow them except for nine exceptions. Section 502(b)(9) states the court "shall allow" claims, "except to the extent that– (9) proof of such claim is not timely filed, ..." Fed. R. Bankr. P. 3002 (c) defines "timely":

> **Time for Filing.** In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or <u>chapter 13 individual's debt adjustment case</u>, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, ... (emphasis added)

The November 11, 2004 claims bar date in this case was computed and noticed based on the rule and the code.

The Hudsons' pre-bar-date motion to value collateral and scheduling of MMCA cannot serve as an "informal proof of claim" authorizing the court to allow the creditor to file its claim post-bar-date. The Eleventh Circuit Court of Appeals outlined the requirements for a pleading to constitute an "informal proof of claim" in <u>Charter Company v. Dioxin Claimants</u> (<u>In re Charter Company</u>), 876 F.2d 861 (1989).

To qualify, a filing must generally be by or on behalf of the creditor, setting out the existence, nature, and amount of the claim, as well as evidencing the clear intent to hold the debtor liable on the claim. <u>See</u> <u>Charter Company</u>, 876 F.2d at 863. When the filing comprises these elements, it may fulfill the policy goals of the code and rules. Consequently, some courts have allowed late-filed

3

claims when these substantive requirements are met. See In re L. Meyer & Son Seafood Corp., 188 B.R. 315, 320 (Bankr. S.D. Fla. 1995).

Most courts have required action by or on behalf of the creditor as part of the informal proof of claim analysis. See Charter Company, 876 F.2d at 863 ("[A]ctions by a claimant ... may constitute an informal proof of claim ..." (emphasis added)); and, see also In re Kinsak, 269 B.R. 49, 50 (Bankr. N.D. Cal. 2001) ("An informal proof of claim must be a writing ... filed by or on behalf of creditor." (emphasis added)); and In re U.S. Savings Assoc., LTD, 236 B.R. 289, 291 (Bankr. M.D. Fla. 1999) ("T]he doctrine only applies when the document to be treated as the informal proof of claim is filed by the creditor prior to the bar date." (emphasis added)).

Despite notice, MMCA took no action in this case by November 11, 2004. At the time of the May 10, 2005 hearing, MMCA had filed only two documents with the court – its 2005 notice of appearance and this motion to allow its late claim.

The Eleventh Circuit in Charter Company, 876 F.2d at 864, held that a creditor's motion for relief from stay to pursue a lawsuit against the debtor was sufficient because it clearly set forth the existence and nature of the debt, and the creditor's intention to hold the debtor liable. Additionally, the bankruptcy court in In re Boehm, 252 B.R. 576, 578 (Bankr. M.D. Fla. 2000) found that a pre-bar-date nondischargeability lawsuit against the debtor was an adequate informal proof of claim. See also In re Gonzalez, 259 B.R. 584, 589 (Bankr. N.D. Ill. 2003) (holding that an objection to confirmation, filed before the bar date, qualified since it showed the existence, nature and amount of the debt; and the creditor's intent to hold the debtor liable).

But compare Bowden v. Structured Investments Co. LLC (In re Bowden), 315 B.R. 903, 907 (Bankr. W.D. Wash. 2004) (holding that debtor's scheduling of the creditor was not sufficient

4

because no action was taken by the creditor); Kinsak, 269 B.R. at 50, (holding that pre-bar-date application for employment of debtor's counsel, and the debtor's disclosure statement, filed with the plan, were not sufficient because the actions were not taken by or on behalf of creditors); In re Boucek, 280 B.R. 533, 536 (Bankr. D. Kan. 2002) (holding that creditor's notice of appearance and request for service filed before the bar date did not qualify because they made no demand on debtor's estate or expressed intent to hold the debtor liable); and In re Edwards Theatres Circuit, Inc., 2003 WL 21751702 at *1 (9th Cir. 2003) (unpublished decision, cited as persuasive authority only) (creditor/leasor's letter sent the debtor was not adequate because it failed to show creditor's intent to hold debtor liable for rejected lease).

As with many issues on bankruptcy, a case-by-case analysis based on the facts is required. Even if the Hudsons' filings could be deemed as comprising all other elements of an "informal proof of claim," they do not evidence MMCA's intent to hold the debtors liable. (The nature, existence and amount of the debt were set out at the valuation hearing.) The facts tend to indicate just the opposite intent since the creditor failed to respond to or challenge the motion in any way. Subsequent to notice of the confirmed plan, MMCA also failed to file the proof of claim required to receive its $250.00 per month payment as a secured creditor.

For these reasons, the debtors' pre-bar-date unilateral filings cannot be deemed as an informal proof of claim filed by or on behalf of the creditor, authorizing the court to allow MMCA's tardily filed claim.

**CONCLUSION**

Consequently, the Bankruptcy Court had no choice but to **DENY** Mitsubishi Motor Credit of America's **MOTION TO ALLOW LATE CLAIM** (Doc. 41). That decision is

5

reflected by the court's order (Doc. 48), which was entered separately from these findings and conclusions pursuant to Fed. R. Bankr. P. 7052.

**DONE and ORDERED** this June 10, 2005.

/s/ C. Michael Stilson
C. Michael Stilson
United States Bankruptcy Judge
